```
              UNITED STATES DISTRICT COURT
                       FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA
```

STEVEN ALLAN SHAWLEY,          :
                               :
       Plaintiff              :   No. 4:CV-04-1189
                               :
  vs.                          :   Removal Petition Filed 6/02/04
                               :
CLINTON COUNTY BOARD OF        :   (Judge Muir)
COMMISSIONERS, et al.,         :
                               :
       Defendants             :

### ORDER

April 19, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This is a civil rights action which Plaintiff Steven Allan Shawley filed in the Court of Common Pleas of Clinton County and the Defendants removed to this court on June 2, 2004.  Shawley is an inmate incarcerated at the State Correctional Institution at Dallas, Pennsylvania.  Shawley's fundamental allegations are that the Defendants have violated his constitutional rights by failing to 1) prevent another inmate, Mark Alonzo Williams, from attacking Shawley, and 2) provide Shawley with adequate access to legal materials.

On March 10, 2005, Shawley filed the following two motions: 1) "Plaintiff's Motion to Determine Sufficiency of [Defendant McCool's] Answers to Plaintiff's Request for Admissions"; and 2) "Motion to Determine Sufficiency of Responses to Request for Admissions to Defendant Immel."  The relief he seeks in those

motions is to have the matters addressed in his requests be deemed admitted. We will address both of those motions in this order.

As a threshold matter we note that a brief in support of each of those motions was due to have been filed on March 25, 2005. To this date, Shawley has failed to file a brief in support of either of those motions. One reason to deny the motions is that because of Shawley's failure to file supporting briefs the motions have been withdrawn. *See* M.D. Local Rule 7.5 ("... if a supporting brief is not filed within the time provided in this rule such motion shall be deemed to be withdrawn.") However, that is not the only reason to deny the motions.

In both of his motions to "determine [the] sufficiency" of the Defendants' responses to his requests for admissions, Shawley asserts only two very general and conclusory arguments. He contends that we should compel additional responses to the discovery requests he served upon Defendants McCool and Immel because 1) their answers are evasive and incomplete, and 2) some of their responses "are not adequate verified denials." (Motions, ¶¶ 3, 4) Shawley has not presented adequate information to support either of those contentions.

Specifically with respect to his first argument, we have reviewed Shawley's requests for admissions and the Defendants'

responses thereto. We are of the view that the Defendants' responses comply with the Federal Rules of Civil Procedure.

We reach the same conclusion with respect to Shawley's second argument. The Defendants' responses to the requests for admissions were signed by the Defendants' counsel. Federal Rule of Civil Procedure 36, entitled "Requests for Admission," expressly states that responses to a request for admission may be "signed by the party or the party's attorney." Fed.R.Civ.P. 36(a).

Shawley has not shown that the Defendants' responses to his requests for admissions are deficient in any manner. We will deny Shawley's motions to have the matters addressed in his requests for admissions be deemed admitted.

NOW, THEREFORE, IT IS ORDERED THAT:

1. Shawley's "Motion to Determine Sufficiency of 'Defendant McCool's] Answers to Plaintiff's Request for Admissions" (Document 59) is denied.

2. Shawley's "Motion to Determine Sufficiency of responses t request for Admissions to Defendant Immel" (Document 62) is denied.

s/Malcolm Muir
_____
MUIR, U.S. District Judge

MM:ga