```
                   UNITED STATES DISTRICT COURT
                            FOR THE
                 MIDDLE DISTRICT OF PENNSYLVANIA
```

STEVEN ALLAN SHAWLEY,          :
                               :
      Plaintiff               :   No. 4:CV-04-1189
                               :
  vs.                          :   Removal Petition Filed 6/02/04
                               :
CLINTON COUNTY BOARD OF        :   (Judge Muir)
COMMISSIONERS, et al.,         :
                               :
      Defendants              :

**ORDER**

November 21, 2005

    THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

    On April 21, 2004, Plaintiff Steven Allen Shawley initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 in the Court of Common Pleas of Clinton County.  On June 2, 2004, the Defendants removed the case to this court.  By order dated May 20, 2005, we granted the Defendants' motion to continue the trial in this case to the December, 2005, Trial List.  Shawley is an inmate currently incarcerated at the State Correctional Institution at Frackville, Pennsylvania.

    On November 17, 2005, Shawley filed a motion to appoint counsel and a separate "Motion for Trial Postponement and Enlargement of Time."  Because of the proximity of the scheduled jury-drawing date, we will address both motions in this order without requiring the parties to file any briefs in connection with Shawley's motions.

We first address Shawley's motion to appoint counsel to represent him, which is the fourth such motion filed by Shawley in this case. We denied the prior three motions in our orders dated July 1, 2004, and July 15, 2005.[1] All but one of the arguments raised in Shawley's current motion to appoint counsel were raised in Shawley's prior motions. For the reasons stated in our prior orders, none of those grounds entitles Shawley to counsel appointed for him in this case.

The only new contention to consider is that Shawley

> is currently being treated for a mental condition and is receiving 400 milligrams of seraquill that makes it hard to concentrate and hinder[s] his abilities to conduct a proper jury selection and a trial.

(Motion to Appoint Counsel, p. 4)  Shawley fails to describe in any detail whatsoever the "mental condition" for which he is being treated. In the absence of such information, we cannot assess what consequences, if any, Shawley would suffer if he discontinued use of the medication to try this case. Also it is possible medications could be entrusted to the Marshal for use if Shawley is held nearby for the trial. We will require Shawley to provide that information to the court, and will withhold ruling on his motion to appoint counsel pending our review of that information. We will also require the parties to file briefs in connection with Shawley's motion to appoint counsel.

---

1. The latter order addressed two of Shawley's motions to appoint counsel.

The remaining matter to address is Shawley's motion to continue this case for an unspecified period.  Shawley seeks such relief because, *inter alia*, he has very limited funds and is allowed to spend up to only $10.00 each month for copying and postal expenses.  Shawley argues that the $10.00 limit is hindering his ability to proceed in this case because he is currently litigating a number of matters in various courts.

We will continue this case for 3 months so that Shawley may 1) plan in advance the manner in which he will spend his monthly postage and copying expenses, and 2) provide us with the required information concerning his mental condition.

NOW, THEREFORE, IT IS ORDERED THAT:

1. Shawley shall, within 30 days after the date of this order, inform the court of the specific mental condition for which he is taking the medication referenced in his motion to appoint counsel.  Shawley's failure to comply with this paragraph may result in 1) the denial of his motion to appoint counsel, and 2) the dismissal of this case for Shawley's failure to comply with an order of this court and to prosecute this case.

2. Shawley shall, within 30 days after the date of this order, file a brief in support of his motion to appoint

      counsel.  All subsequent briefing shall be in accordance with the court's local rules.

3. The parties' briefs relating to Shawley's motion to appoint counsel shall address the issue of whether it would be possible for Shawley's medication to be supplied locally during the trial.

4. Shawley's motion to continue this case (Document 90) is granted as provided in paragraph 3 of this order.

5. This case is continued to the March, 2006, Trial List.

                                      s/Malcolm Muir
                                      MUIR, U.S. District Judge

MM:ga