```
              UNITED STATES DISTRICT COURT
                       FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA


STEVEN ALLAN SHAWLEY,         :
                              :
        Plaintiff             :    No. 4:CV-04-1189
                              :
    vs.                       :    Removal Petition Filed 6/02/04
                              :
CLINTON COUNTY, et al.,       :    (Judge Muir)
                              :
        Defendants            :
```

**ORDER**

January 18, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Plaintiff Steven Allen Shawley is an inmate at the State Correctional Institution at Frackville, Pennsylvania, and he is proceeding in this matter *pro se*.  All pre-trial matters and motions except that treated in this order have been resolved.  On November 17, 2005, Shawley filed a motion for appointment of counsel in which he represents that he

> is currently being treated for a mental condition and is receiving 400 milligrams of seraquill [sic] that makes it hard to concentrate and hinder[s] his abilities to conduct a proper jury selection and a trial.

(Motion to Appoint Counsel, p. 4)  Also on November 17, 2005, Shawley filed a separate motion requesting that his trial be postponed for three months because of various reasons, including his mental condition and the treatment for that condition.

On November 21, 2005, we issued an order in which we, *inter alia*, 1) granted Shawley's motion to continue the case by placing

it on our March, 2006, trial list, and 2) established a briefing schedule with respect to Shawley's motion to appoint counsel.

On December 22, 2005, Shawley filed a brief and exhibits in support of his motion to appoint counsel.[1] On November 21, 2005, and January 3, 2006, the Defendants filed opposition briefs.[2] Shawley filed his reply brief on January 13, 2006, thereby ripening for disposition his motion to appoint counsel.

As we stated in our two orders denying Shawley's prior motions to appoint counsel to represent him, although *pro se* parties have no constitutional or statutory rights to appointment of counsel in a civil case, a court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(d). Tabron v. Grace, 6 F.3d 147, 153, 155-157 (3d Cir. 1993), *cert. denied*, 114 S.Ct. 1306 (1994); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981).

The factors listed in Tabron include 1) an evaluation of the merits of the claims at issue, 2) the plaintiff's ability to present the case in light of his or her educational literacy,

---

1. Shawley actually entitled the document he filed on December 22, 2005, as "Plaintiff's Supplemental Motion and Brief for the Appointment of Counsel." Despite its title, that document should be construed strictly as a brief.

2. The November 21, 2005, brief was apparently filed before the Defendants received our order of November 21, 2005. By order dated November 22, 2005, we required the Defendants to file an additional opposition brief after Shawley had filed a supporting brief.

experience, and restraints imposed by incarceration, 3) the complexity of the legal issues, 4) the degree to which a factual investigation is necessary and the degree to which the plaintiff is capable of performing the investigation, and 5) the degree to which the case turns on credibility determinations or expert testimony. Tabron 6 F.3d at 155-56.

In considering such a motion, the Court of Appeals for the Third Circuit has also stated that an indigent litigant should be appointed counsel only

> upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case.

Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).  With that standard in mind, we turn to the merits of Shawley's motion to appoint counsel.

As a threshold matter we note that the vast majority of the arguments raised in Shawley's pending motion were considered and rejected in our order of July 15, 2005, in which we denied one of Shawley's prior motions to appoint counsel.  For the reasons stated in that order, we summarily find the arguments initially presented in Shawley's prior motion, and repeated in his current motion, to be without merit.  In this order we will consider only the contentions made by Shawley for the first time in his pending motion for counsel.

The first such argument is that the issues in this case are complex. Shawley's only two claims to be tried by a jury are that some of the Defendants unlawfully denied Shawley access to legal materials, and that some of the Defendants allowed Shawley to be injured in an altercation with another inmate. We are of the view that the issues relating to those claims are not sufficiently complex to justify the appointment of counsel.

Shawley next argues that the limitations placed upon his ability to copy and mail documents justifies the appointment of counsel. He is apparently allowed copying and mailing expenses up to $10.00 per month. We have accommodated Shawley by continuing this case to the March, 2006, trial list so that he may anticipate and meet the costs associated with trying this case. In the light of that continuance, Shawley has not shown any prejudice by the limitations discussed in his motion.

He next asserts that he "has no way of locating witnesses to take depositions or obtain affidavits or subpoena them for trial." (Motion to appoint counsel, p. 3) We note that the discovery deadline has passed; no depositions may be taken at this point.

Shawley further contends that his incarceration limits his ability to investigate the facts. Shawley was afforded a full opportunity to conduct discovery for such an investigation. He

provides no reason to believe that his efforts to perform discovery were improperly hindered in any manner.

Shawley next asserts that he "has been diagnosed as a paranoid schizophrenic/delusional disorder ... [and he] suffers from audio hallucinations ...." (Brief in support of motion to appoint counsel, p. 1) The documents Shawley filed in support of his motion indicate that he is being treated by a psychiatrist, who has prescribed seroquel.  The diagnosis specified on a memorandum to Shawley from his psychiatrist is actually "Delusional Disorder, rule out Schizophrenia." (Brief in support of motion to appoint counsel, Exhibit C)

In their opposing briefs, the Defendants point out that the only side effects from Shawley's medication, as noted by his psychiatrist, are "sedation, weight gain, increased lipids and high blood sugar." (Brief in support of motion to appoint counsel, Exhibit C)  The psychiatrist further notes that Shawley "should be transported with his medications." (Id.)

We are of the view that the sedation caused by Shawley's medication is not a sufficiently severe side-effect to justify the appointment of counsel in this case.  In the event that Shawley's medication greatly impairs his ability to proceed at trial, any potential prejudice may be avoided by allowing a break in the proceedings.

After applying all of the factors set forth in <u>Tabron</u> to the facts of this case, we are of the view that Shawley will not be substantially prejudiced by presenting his case to a jury without the assistance of an attorney. We will deny Shawley's motion to appoint counsel to represent him.

In closing, we note a comment by Shawley "that the Defendants have never moved for summary judgment." (Motion to appoint counsel, p. 4) On November 30, 2004, we issued an order in which we set March 1, 2005, as the deadline for filing dispositive motions. However, on March 1, 2005, the factual record had not been firmly established because a number of discovery disputes remained pending. It is possible that the Defendants did not file a summary judgment motion for that reason. In their brief opposing Shawley's motion for appointment of counsel, the defendants represent that 1) Shawley's access to courts claim is without merit because the criminal convictions at issue were vacated on appeal, and 2) with respect to the assault which forms the basis of Shawley's only other claim, the defendants deny "the existence of culpable conduct on the part of any defendant." (Brief opposing motion to appoint counsel, p. 5)

We will establish a new deadline for the filing of summary judgment motions, and will continue this case to allow time for

the briefing and resolution of any such motion, if one is filed.

NOW, THEREFORE, IT IS ORDERED THAT:

1. Shawley's motion for appointment of counsel (Document 91) is denied.

2. Any party may, by February 15, 2006, file a motion for summary judgment. A supporting brief shall be filed with any such motion. All subsequent briefs shall be filed in accordance with the court's local rules.

3. If a summary judgment motion is filed by February 15, 2006, this case will automatically be continued to the May, 2006, Trial List.

                                            s/Malcolm Muir
                                            MUIR, U. S. District Judge

MM:ga